IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RAYFORD WILLIAM MOORE, JR.,**
 **Plaintiff,**

**vs.**            **CASE NO.: 3:06cv402/MCR/MD**

**SHERIFF WENDALL HALL, et al.,**
 **Defendants.**

## REPORT AND RECOMMENDATION

  This cause is before the court upon referral from the clerk. Plaintiff commenced this action on September 19, 2006 by filing a "Motion Seeking Temporary Preliminary Injunction," (doc. 1), which the court construed as a civil rights complaint (doc. 3). On October 17, 2006 the court entered an order requiring plaintiff to submit an amended complaint on the court form, along with either a motion to proceed *in forma pauperis* or the filing fee of $350.00 (doc. 3). The court provided plaintiff thirty days in which to comply with the order, warning him that his failure to comply would result in dismissal of his case. Plaintiff did not respond to the order.

  Accordingly, on December 15, 2006 the court issued an order directing plaintiff to show cause within twenty days why this case should not be dismissed for his failure to comply with an order of the court. Over twenty days has elapsed since that date, and plaintiff has not responded to the order. In fact, no communication has been received from plaintiff since the filing of his complaint. Further, the order to show cause which was mailed to plaintiff at his address of record, was returned as undeliverable on December 19, 2006, marked "return to

sender." To date, plaintiff has not advised the court of a new address.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to keep the court informed of his current address.

At Pensacola, Florida, this 18th day of January, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**